# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:17-CR-210-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| v. ) | |
| ) | |
| CORIEAL LAROME HOLMES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Amended Motion to Suppress Physical Evidence," Doc. 28, filed on June 29, 2018. The "United States' Response to Defendant's Motion to Suppress," Doc. 32, was filed on July 12, 2018. The Court conducted an evidentiary hearing on July 31, 2018 and heard testimony from Charlotte Mecklenburg Police Department Detective Dwayne Spears and Agent Rodney Blacknall with the Bureau of Alcohol, Tobacco and Firearms.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for consideration.

Having fully considered the arguments and following the hearing, the undersigned respectfully recommends that Defendant's Motion to Suppress be <u>denied</u> as discussed below.

## I.  FACTUAL BACKGROUND AND FINDINGS

In April 2016, Agent Blacknall and Detective Spears received information from two confidential informants that Defendant was trafficking in cocaine. Their preliminary investigation

revealed that Defendant was residing at 14015 Eden Court in Pineville, North Carolina. A record check further revealed that Defendant was on state probation. That record also listed the Eden Court address. The agents were unsuccessful in their attempts to set up a controlled buy from Defendant and the investigation became dormant until June 2017.

The agents decided to resume the investigation by conducting a series of "trash pulls" at Defendant's residence. Defendant's residence is a single family home with a garage. The garage sits approximately thirty feet from the street. The agents conducted surveillance on Defendant's street and determined that trash was collected on Wednesday mornings.

At 1:30 a.m. on Wednesday morning, June 14, 2017, the agents observed Defendant's trash can on the curb at the end of his driveway awaiting pick up. Blacknall removed the contents of the trash can and placed them in Spears' vehicle. The agents later examined the trash and located baggies with the corners removed and baggie corners, both consistent with drug packaging. They also found mail addressed to Defendant at the Eden Court address.

The agents conducted two additional trash pulls from Defendant's residence. They occurred on Tuesday July 11, 2017 at 11:50 p.m. and on Wednesday August 16, 2017 at 12:35 a.m. On both occasions, the trash can was on the curb at the end of the driveway awaiting pick up. On each occasion, Blacknall removed the contents of the trash can and placed them in Spears' vehicle. The agents examined the contents from both trash pulls and recovered more baggies with the corners removed and baggie corners. They also found more mail addressed to Defendant at the Eden Court address. Blacknall conducted field tests on some of the evidence recovered from the latter two trash pulls. This evidence tested positive for cocaine.

On August 17, 2017, Spears obtained a Search Warrant for the Eden Court address from a state magistrate. His Affidavit recounted the evidence seized from the trash pulls. The Affidavit

also referred to a confidential informant, but the informant's reliability was not established. When the Search Warrant was executed that day, cocaine, marijuana, two firearms, ammunition, and more mail addressed to Defendant were seized.

## II.   ANALYSIS

Defendant contends that his Fourth Amendment rights were violated because the agents searched the trash can while it was located within his curtilage.

The Fourth Amendment provides in relevant part that the rights of "people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Warrantless searches of trash cans left at the curb for pick-up violate the Fourth Amendment only if the defendant "manifest[s] a subjective expectation of privacy in their garbage that society accepts as objectively reasonable." California v. Greenwood, 486 U.S. 35, 36 (1988); see also United States v. Jackson, 728 F.3d 367, 375 (4th Cir. 2013).

In California v. Greenwood, 486 U.S. 35 (1988), the Supreme Court held that the Fourth Amendment does not prohibit the warrantless search and seizure of garbage left on the curb and thus beyond the curtilage of defendant's home. Because garbage left at the street is readily accessible to "animal, children, scavengers, snoops, and other members of the public," there is no expectation of privacy in the contents. Id. at 40. By placing trash at the curb "for the express purpose of conveying it to a third party," trash collectors may sort through it or allow others to, including the police. Id.

Based upon the uncontroverted testimony of the agents, the Court concludes that the trash can was placed at the curb outside the curtilage of Defendant's residence. Defendant had no expectation of privacy in the contents of the trash can. Therefore, the Court finds that the trash

pulls conducted by Agent Blacknall and Dectective Spears did not violate Defendant's Fourth Amendment rights.

Defendant also argues that the Search Warrant Affidavit lacked probable cause because the reliability of the confidential informant was not established. Setting aside any information from the informant, the evidence recovered from the trash pulls adequately supports probable cause.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Amended Motion to Suppress Physical Evidence," Doc. 28, be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED.**

Signed: August 2, 2018

_____
David S. Cayer
United States Magistrate Judge