UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00210-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CORIEAL LAROME HOLMES, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Amended Motion to Suppress Physical Evidence (Doc. No. 28) filed on June 29, 2018, the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending this Court DENY Defendant's motion to suppress (Doc. No. 36), and Defendant's objections to the M&R (Doc. No. 37). After reviewing the relevant memoranda, recommendation, and objections the Court hereby OVERRULES Defendant's objections (Doc. No. 37), ADOPTS the Magistrate Judge's M&R (Doc. No. 36), and DENIES Defendant's motion to suppress (Doc. No. 28).

**I. BACKGROUND**

The M&R summarizes the factual background and findings based on the evidence presented relevant to the instant motion:

> In April 2016, Agent Blacknall and Detective Spears received information from two confidential informants that Defendant was trafficking in cocaine. Their preliminary investigation revealed that Defendant was residing at 14015 Eden Court in Pineville, North Carolina. A record check further revealed that Defendant was on state probation. That record also listed the Eden Court address. The agents were unsuccessful in their attempts to set up a controlled buy from Defendant and the investigation became dormant until June 2017.

1

> The agents decided to resume the investigation by conducting a series of "trash pulls" at Defendant's residence. Defendant's residence is a single family home with a garage. The garage sits approximately thirty feet from the street. The agents conducted surveillance on Defendant's street and determined that trash was collected on Wednesday mornings.
>
> At 1:30 a.m. on Wednesday morning, June 14, 2017, the agents observed Defendant's trash can on the curb at the end of his driveway awaiting pick up. Blacknall removed the contents of the trash can and placed them in Spears' vehicle. The agents later examined the trash and located baggies with the corners removed and baggie corners, both consistent with drug packaging. They also found mail addressed to Defendant at the Eden Court address.
>
> The agents conducted two additional trash pulls from Defendant's residence. They occurred on Tuesday July 11, 2017 at 11:50 p.m. and on Wednesday August 16, 2017 at 12:35 a.m. On both occasions, the trash can was on the curb at the end of the driveway awaiting pick up. On each occasion, Blacknall removed the contents of the trash can and placed them in Spears' vehicle. The agents examined the contents from both trash pulls and recovered more baggies with the corners removed and baggie corners. They also found more mail addressed to Defendant at the Eden Court address. Blacknall conducted field tests on some of the evidence recovered from the latter two trash pulls. This evidence tested positive for cocaine.
>
> On August 17, 2017, Spears obtained a Search Warrant for the Eden Court address from a state magistrate. His Affidavit recounted the evidence seized from the trash pulls. The Affidavit also referred to a confidential informant, but the informant's reliability was not established. When the Search Warrant was executed that day, cocaine, marijuana, two firearms, ammunition, and more mail addressed to Defendant were seized.

(Doc. No. 36, p. 1-3). Defendant timely filed his objections to the M&R (Doc. No. 37) on August 16, 2018. In his objections, Defendant contends the magistrate judge inappropriately "minimizes the fact that the Defendant's trash can was not placed on the street, nor was it directly on the curb." (Doc. No. 37, p. 1). Defendant also objects to the magistrate judge's legal analysis, stating that the magistrate judge erred in neglecting to conduct an analysis on the "issue of common area verses [*sic*] curtilage of the home" pursuant to United States v. Jackson, 728 F.3d 367 (4th Cir 2013). After carefully reviewing the recommendation, objections, and relevant memoranda, the Court finds the objections ripe for *de novo* review.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). If a party timely files "specific written objections" to the proposed recommendations, the "district judge must consider de novo any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(2)-(3); see also 28 U.S.C. § 636. The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

As stated above, Defendant objects to the M&R's characterization of where the trash can was located. The M&R states that the uncontroverted testimony of the agents establishes that the trash can was placed "at the curb outside the curtilage of Defendant's residence." (Doc. No. 36, p. 3). Defendant argues this inappropriately diminishes the fact that Defendant's trash can was not placed "directly on the curb" nor "on the street." (Doc. No. 37, p. 1). His attempt to distinguish "at the curb" from "on the curb" is unavailing. Defendant fails to cite any precedent to support the notion that there is a meaningful distinction between such locations. Indeed, the Supreme Court in California v. Greenwood, 486 U.S. 35 (1988), draws no such distinction. There the

Supreme Court held that a defendant has no reasonable "expectation of privacy in trash left for collection in an area accessible to the public." Id. at 41.

Here, the uncontroverted facts indicate Defendant's garbage was left at the curb for collection, outside the curtilage of his residence, at the time of the trash pulls.[1] Accordingly, Defendant had no expectation of privacy in the contents of the trash can. The magistrate judge appropriately determined that the trash pulls conducted by Agent Blacknall and Detective Spears did not violate Defendant's Fourth Amendment rights.

Defendant's second objection is less clear to the Court. Defendant states that the magistrate judge overlooked the "key holding" of Jackson by omitting to analyze the "issue of common area verses [*sic*] curtilage of the home." (Doc. No. 37, p. 3). The Fourth Circuit in Jackson held a defendant lacks a reasonable expectation of privacy in the contents of a trash can located on the common property of a defendant's apartment complex, but beyond the curtilage of a defendant's individual apartment, even though the trash can has yet to be taken to the street for collection. Id. at 370. While the issue of a shared common area factored into the Court's analysis in Jackson, such analysis is clearly not appropriate in the case at bar because Defendant lives in a house, not an apartment complex. Furthermore, the "key holding" of Jackson is very similar to, and relies heavily upon, the Supreme Court's holding in Greenwood: "the critical inquiry driving the Court's

---

[1] "The trash canister was located on the curb at the end of the driveway connected to 14015 Eden Court, Pineville, N.C. This driveway does not connect to any other residence." See Government Ex. 1, Reports of Detective Spears dated June 15, 2017, July 12, 2017, and August 16, 2017. Additionally, Agent Blacknall's written report similarly states, "[o]n June 14, 2017, at approximately 0130 hours, investigators removed several trash bags from the trash canister that was placed on the curb at 14015 Eden Court, Charlotte, North Carolina." See Government Ex. 2, Report 5 written by Rodney Blacknall, at 2-3. The Court takes into consideration Defendant's Exhibit Photographs (Doc. No. 37-1), but as the pictures depict a garbage can located directly beside what appears to be Defendant's house on August 18, 2017, a date that no trash pull occurred, the pictures do not affect the Court's determination here.

decision in Greenwood was the extent to which the defendants had 'exposed their garbage to the public,' thus eliminating any 'reasonable expectation of privacy in the inculpatory items that they discarded.' . . . [b]y that measure, Jackson's claim to Fourth Amendment protection for the trash can fails." Jackson, 728 F.3d at 375. Defendant fails to explain how the magistrate judge erred in omitting to analyze "this issue of common area verses [*sic*] curtilage of the home" when there is no common area to analyze in this case. Accordingly, Defendant's objection is wholly without merit.

Lastly, because Defendant failed to object to the M&R's conclusion regarding the validity of the search warrant, the Court reviews the magistrate judge's decision for clear error only. In reviewing the magistrate judge's analysis, the Court finds no clear error; the magistrate judge properly determined the evidence recovered in the trash pulls provided sufficient probable cause to support the Search Warrant Affidavit.

### IV. CONCLUSION

A full review of the M&R and other documents of record convinces the Court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court OVERRULES Defendant's objections (Doc. No. 37), ACCEPTS and ADOPTS the Magistrate Judge's M&R (Doc. No. 36), and DENIES Defendant's motion to suppress (Doc. No. 28).

IT IS THEREFORE ORDERED for the forgoing reasons Defendant's Amended Motion to Suppress Physical Evidence (Doc. No. 28) is DENIED.

IT IS SO ORDERED.

Signed: August 21, 2018

_____
Frank D. Whitney
Chief United States District Judge