IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-210-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CORIEAL LAROME HOLMES | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 89). For the reasons which follow, Defendant's Motion for Compassionate Release is **DENIED**.

### I. BACKGROUND

On July 18, 2017, Defendant was charged by Bill of Indictment with one count of Possession with Intent to Distribute 28 grams or more of Cocaine Base. (Doc. No. 1). He was ordered detained on August 25, 2017. (Doc. No. 7). On December 28, 2017, the Government filed an Information Pursuant to Title 21, United States Code, Section 851. (Doc. No. 12).

On January 16, 2018, Defendant was charged by Superseding Bill of Indictment with two counts of Possession with Intent to Distribute Cocaine Base, Possession of a Firearm by a Convicted Felon, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Doc. No. 14). These offenses occurred on September 19, 2014 and August 18, 2017 in Union and Mecklenburg Counties in North Carolina. (Doc. No. 14). Defendant proceeded to trial by jury. On September 6, 2018, Defendant was found guilty of all counts in the superseding indictment. (Doc. No. 54). On January 31, 2019, this Court sentenced him to a total of 214 months of imprisonment. (Doc. No. 67). At sentencing, the Government withdrew the 21 U.S.C. § 851

1

enhancement, pursuant to the First Step Act. (Doc. No. 68). Defendant gave Notice of Appeal on February 21, 2019. (Doc. No. 69). His appeal remains pending with the Fourth Circuit. See United States v. Holmes, No. 19-4124 (4th Cir. 2020).

Defendant is 42 years old and the Government concedes that he suffers from coronary artery disease. (Doc. No. 92). On October 27, 2020, Defendant filed a Motion for Compassionate Release/Reduction in Sentence with this Court. (Doc. No. 89). In that motion, Defendant argues that the coronavirus pandemic coupled with his coronary artery disease justify his release. (Doc. No. 89).

The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 92). The Government argues that Defendant's motion should be dismissed without prejudice because he has not exhausted remedies before the Bureau of Prisons, or denied with prejudice because he poses a significant danger to the community and the statutory sentencing factors strongly weigh against his release. Id.

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The Court has considered the parties' arguments and has determined that Defendant is *not* entitled to compassionate release pursuant to § 18 U.S.C. § 3582(c)(1)(A).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the danger is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The sentencing Commission's policy statement with regards to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
> >
> > (ii) The defendant is –
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

(C) Family Circumstances.

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; *see also* 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

As a preliminary matter, Defendant has failed to meet § 3582(c)(1)(A)'s exhaustion requirement. Defendant does not allege that he has made a request for reduction in sentence due to COVID-19 to the BOP, and an attorney for BOP has informed the Government that they have not received such a request from Defendant. (Doc. No. 92, p. 11). Therefore, Defendant's Motion must fail because it is not one filed "after the defendant has fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A).

Even if Defendant had satisfied § 3582(c)(1)'s exhaustion requirement, he does not qualify for relief. The Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement;

4

(6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. *See* 18 U.S.C. § 3582(c)(1). The seriousness of Defendant's criminal history and the sentence imposed against him must be considered when the Court asks itself if releasing him will serve the interests of general or individual deterrence. With a lengthy criminal record, Defendant's criminal history category was V at the time of his sentencing. (Doc. No. 63, p. 15). He is a recidivist. His underlying convictions are for possessing a firearm as a felon, drug trafficking, and possessing a firearm in furtherance of drug trafficking. (Doc. No 63, p. 1–2). His extensive criminal history includes convictions for Assault Inflicting Serious Injury and Carrying a Concealed Weapon. (Doc. No. 63, p. 11–12). His criminal record demonstrates that he has been engaged in drug trafficking since 2006, an inherently dangerous profession. (Doc. 63, p. 11–14). In addition to the drug trafficking offenses he is imprisoned for, he was convicted of Maintaining a Vehicle or Dwelling Place for Controlled Substances in 2006, Possession with Intent to Sell and Deliver Cocaine in 2010, and Possession with Intent to Sell and Deliver Marijuana in 2011. (Doc. No. 63, p. 11–14). He was also convicted of Manufacture or Possessing a Controlled Substance in South Carolina in 2009. (Doc. No. 63, p. 13).

Regarding the nature and circumstances of Defendant's offenses of conviction, he was responsible for the distribution of a large quantity of drugs around the Charlotte area. On September 19, 2014, Defendant sold drugs to a confidential informant working with the Union County Sheriff's Office. (Doc. No. 63, p. 6). Shortly after, a deputy pulled Defendant over and found 35 grams of crack cocaine on his person. Id. In April of 2016, law enforcement received

information that Defendant was involving in the distribution and sale of cocaine. (Doc. No. 63, p. 5). A confidential source subsequently purchased an ounce of cocaine from him in July of 2017. (Doc. No. 63, p. 4). Law enforcement executed a search warrant on Defendant's home on August 18, 2017 and found all the tools of the drug trade, including cocaine, crack cocaine, marijuana, scales, baggies, razors, money, two firearms, and ammunition. (Doc. No. 63, p. 5). Both firearms were loaded. (Doc. No. 63, p. 6). Additionally, one of those firearms had a partially obliterated serial number as well as a large capacity magazine. Id. Defendant spoke to law enforcement and admitted that he had been selling cocaine, marijuana, and crack cocaine in the Charlotte area for nine months. Id. He also said that he made his own crack cocaine and would buy four ounces of cocaine a week from his supplier. Id.

Defendant has a history of probation revocations and violations. (Doc. No. 63, p. 12–14). He was on supervised probation at the time he committed the offenses underlying this case. (Doc. No. 63, p. 14–15). Additionally, he has had multiple disciplinary incidents while incarcerated. (Doc. No. 92, Attach. 1). From this evidence, the Court cannot conclude that Defendant does not present a danger to the safety of the community at this time. See U.S.S.G. § 1B1.13(2). Furthermore, the § 3553(a) factors strongly weigh against his release.

### III. CONCLUSION

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, therefore, his Motion for Compassionate Release is **DENIED** with prejudice.

IT IS SO ORDERED.

Signed: December 2, 2020

Frank D. Whitney
United States District Judge

6

Case 3:17-cr-00210-FDW-DSC   Document 94   Filed 12/03/20   Page 6 of 6